UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

DANILO VILLA,                           :

                    Plaintiff,          :     11 Civ. 3026 (DAB)(HBP)

     -against-                          :     REPORT AND
                                              RECOMMENDATION
TIANO'S CONSTRUCTION CORP.,             :
et al.,
                                        :

                    Defendants.         :
----------------------------------X


          PITMAN, United States Magistrate Judge:


          TO THE HONORABLE DEBORAH A. BATTS, United States

District Judge,


I.   Introduction


          By notice of motion dated November 17, 2011 (Docket

Item 22), defendant Lloyd Ambinder, Esq. moves to dismiss the

complaint against him.  Because Ambinder submitted an affidavit

in support of his motion, pursuant to Rule 12(d) of the Federal

Rule of Civil Procedure, I construed the motion as a motion for

summary judgment and issued an Order dated May 21, 2011, advising

the parties of this fact (Docket Item 50).  The Order further

advised the parties that I intended to consider Ambinder's

affirmation and advised plaintiff that he had until June 15, 2012

to submit any additional materials[1] in opposition.  My May 21
Order also incorporated the text of the notice to pro se liti-
gants required by Local Civil Rule 56.2 and the full text of Rule
56 of the Federal Rules of Civil Procedure.  Plaintiff did not
submit any additional materials in opposition to the instant
motion.

     For the reasons set forth below, I respectfully recom-
mend that the action be dismissed as to Ambinder for lack of
subject matter jurisdiction.

II.  Facts

     The relevant facts are set forth in the Affirmation of
Lloyd Ambinder, Esq. dated November 9, 2011 (Docket Item 12)
("Ambinder Aff.").  Plaintiff's opposition papers do not contro-
vert any of the material factual statements set forth in the
Ambinder Aff.

     On or about June 21, 2001, plaintiff, along with twelve
other individuals, all of whom were represented by Ambinder,
commenced an action in New York State court against a number of
contractors and insurance companies seeking unpaid wages and

---

[1]Plaintiff had previously submitted an affirmation in
opposition to Ambinder's motion on November 28, 2011 (Docket
Items 32-34).

benefits for work performed by the plaintiffs on a number of New York City Housing Authority projects (Ambinder Aff. ¶ 7).  At the time this action was commenced, controlling precedent precluded the plaintiffs from commencing a private action for unpaid wages under the Davis Bacon Act, 40 U.S.C. §§ 3141 et seq., and Ambinder so advised the plaintiffs (Ambinder Aff. ¶ 9).  Ambinder also advised plaintiff that the litigation would take time and that the outcome was uncertain (Ambinder Aff. ¶ 10).

The trial court subsequently granted the defendants' motion for summary judgment dismissing plaintiffs' wage and benefit claims; that decision was affirmed by the Appellate Division (Ambinder Aff. ¶¶ 13-15).  Araujo v. Tiano's Constr. Corp., 40 A.D.3d 458, 834 N.Y.S.2d 660 (1st Dep't 2007).  Both courts concluded that no private right of action existed under the Davis Bacon Act.  The New York Court of Appeals subsequently reversed, finding that plaintiffs' action could proceed as a breach of contract action.  Cox v. NAP Constr. Co., 10 N.Y.3d 592, 891 N.E.2d 271, 861 N.Y.S.2d 238 (2008).

Plaintiff, still represented by Ambinder, then returned to the trial court to engage in discovery and other pretrial proceedings (Ambinder Aff. ¶ 17).  Two unsuccessful mediations were held in 2010 (Ambinder Aff. ¶¶ 20-23).  Although plaintiff actively participated in the proceedings and mediations, he

3

became increasingly dissatisfied with Ambinder's services
(Ambinder Aff. ¶¶ 26-28).

        In April 2010, plaintiff filed a complaint against
Ambinder with the New York Departmental Disciplinary Committee
for the First Judicial Department, which led Ambinder to conclude
that he could no longer represent plaintiff (Ambinder Aff. ¶¶ 29-
30).  Ambinder subsequently moved to withdraw from representing
plaintiff, and on November 23, 2010, the trial court Justice
granted the motion, finding that "Mr. Ambinder has shown that
there has been such a breakdown in the attorney-client relation-
ship sufficient to warrant permitting him to withdraw as counsel
under the circumstances (see Robinson v Friedman Mgt. Corp., 49
AD 3d 436, 437 (1st Dept 2008)" (Ex. 1 to Ambinder Aff.).
Ambinder also withdrew as counsel for three other plaintiffs who
were dissatisfied with his work (Ambinder Aff. ¶ 33).

        Ambinder subsequently negotiated a settlement on behalf
of the remaining plaintiffs that he continued to represent
(Ambinder Aff. ¶ 34).  All disciplinary charges against Ambinder
were closed without any action being taken (Ambinder Aff. ¶¶ 32,
35).  Plaintiff, along with the three other plaintiffs who had
formerly been represented by Ambinder, went to trial and lost on
the merits (Ambinder Aff. ¶ 35).

4

The present action appears to be an effort to relitigate the claims that plaintiff lost in state court. Plaintiff's only substantive references to Ambinder in the complaint consist of the following:

> I am suing Mr. Lloyd Ambinder, Esq. for abandoning the case and not representing me as well as he could have.
>
> A am also filing a lawsuit against my previous attorney Lloyd Ambinder for abandoning the case. I felt it was a decision he made based on personal issues he had with due to [sic] a separate lawsuit filed by me against a company he was representing, a lawsuit which I won. His resignation affected me emotionally. I was left without representation. I went through a long depression.

(Complaint (Docket Item 2) §§ III(C), V).

Ambinder argues that the case should be dismissed as to him for lack of subject matter jurisdiction and because the complaint fails to state a claim for legal malpractice.

III. Analysis

Where, as here, a defendant seeks dismissal of the complaint on multiple Rule 12(b) grounds, a court should ordinarily address the movant's grounds in the order in which they are listed in Rule 12(b). Arrowsmith v. United Press Int'l, 320 F.2d 219, 221 (2d Cir. 1963) (Friendly, Cir. J.); see also Hertzner v. U.S. Postal Serv., 05-cv-2371 (DRH)(ARL), 2007 WL 869585 at *3 (E.D.N.Y. Mar. 20, 2007); Sunrise Indus. Joint

<u>Venture v. Ditric Optics, Inc.</u>, 873 F. Supp. 765, 769 (E.D.N.Y. 1995).  If the Court concludes that there is no subject matter jurisdiction, it should not go on to consider any remaining grounds asserted for dismissal.  <u>See</u> <u>Arrowsmith v. United Press Int'l</u>, <u>supra</u>, 320 F.2d at 221.  Accordingly, I shall first address that aspect of Ambinder's motion that arises under Rule 12(b)(1) -- his motion to dismiss for lack of subject matter jurisdiction.

Plaintiff commenced this action using a form complaint provided by this Court's Pro Se Office.  With respect to subject matter jurisdiction, the form states:

> Federal courts are courts of limited jurisdiction. Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

(Complaint § II).  The form then goes on to ask plaintiff whether he is asserting federal question or diversity jurisdiction.  If the former is alleged, plaintiff is asked to identify the statute under which he is suing.  If the latter is alleged, plaintiff is asked to state the citizenship of the parties.  Plaintiff left

all of these questions blank and did not designate any basis for subject matter jurisdiction (see Complaint § II).

There is no federal question jurisdiction with respect to plaintiff's claim against Ambinder.  Read leniently, the complaint alleges legal malpractice against Ambinder, and there is no federal statute under which such a claim arises.

There is also no basis upon which to exercise supplemental jurisdiction over the claim against Ambinder.  Although the complaint does not refer to any federal statute, it arguably can be read as asserting a claim for unpaid wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq.  However, in order for the Court to have supplemental jurisdiction over the legal malpractice claim, the claim would have to arise from at least some of the same facts as the FLSA claims.  Shahriar v. Smith & Wollensky Restaurant Group, Inc., 659 F.3d 234, 245 (2d Cir. 2011) ("For purposes of section 1367(a), claims 'form part of the same case or controversy' if they 'derive from a common nucleus of operative fact.'").  Claims against Ambinder for conduct that occurred long after the facts that might support plaintiff's FLSA clearly lack the common nucleus of operative facts necessary to sustain supplemental jurisdiction.

Finally, there is no diversity jurisdiction with respect to the malpractice claim against Ambinder.  A federal

7

court can exercise diversity jurisdiction only where there is complete diversity, i.e., no plaintiff can be a citizen of the same state as any defendant.  Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005); Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553 (2005).  On its face, the complaint alleges that plaintiff resides in New York and that several defendants maintain addresses in New York.  See Mitchell v. Maurer, 293 U.S. 237, 241-42 (1934) (no diversity jurisdiction exists where absence of complete diversity is clear from the face of the complaint).[2]

Because there is no basis on which the Court can exercise subject matter jurisdiction over the claim against Ambinder, the action should be dismissed as to him for lack of

---

[2]Although residence is not dispositive of citizenship, it strongly suggestive.  In any event, plaintiff's failure to affirmatively allege diversity of citizenship, by itself, is a sufficient basis to find that jurisdiction has not been established.  Levering & Garriques Co. v. Morrin, 61 F.2d 115, 117 (2d Cir. 1932) ("When federal jurisdiction is grounded on diverse citizenship, it must affirmatively appear in the pleadings or from facts clearly proven that diversity of citizenship exists between all the plaintiffs on the one hand and all the defendants on the other."); Anisfeld v. Cantor Fitzgerald & Co., 631 F.Supp. 1461, 1468 (S.D.N.Y. 1986) (Pollack, D.J.) ("The complaint in this case is insufficient since it fails to affirmatively allege the states of citizenship of each of the individual defendants.").

subject matter jurisdiction.  I do not reach the other arguments asserted by Ambinder.

IV.  Conclusion

Accordingly, for all the foregoing reasons, I respectfully recommend that the action be dismissed as to Ambinder for lack of subject matter jurisdiction.

V.  OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from receipt of this Report to file written objections.  See also Fed.R.Civ.P. 6(a).  Such objections (and responses thereto) shall be filed with the Clerk of the Court, with courtesy copies delivered to the Chambers of the Honorable Deborah A. Batts, United States District Judge, 500 Pearl Street, Room 2510, and to the Chambers of the undersigned, 500 Pearl Street, Room 750, New York, New York 10007.  Any requests for an extension of time for filing objections must be directed to Judge Batts.  FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS **WILL** RESULT IN A WAIVER OF OBJECTIONS AND **WILL** PRECLUDE APPELLATE REVIEW. Thomas v. Arn, 474 U.S. 140, 155 (1985); United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997); IUE AFL-CIO Pension

Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-238 (2d Cir. 1983).

Dated:  New York, New York
        June 22, 2012

                              Respectfully submitted,


                              HENRY PITMAN
                              United States Magistrate Judge

Copies transmitted to:

Mr. Danilo Villa
2nd Floor
760 Hewitt Place
Bronx, New York  10455

Vincent M. Gerardi, Esq.
Law Office of Vincent M. Gerardi
1539 Franklin Avenue
Mineola, New York  11501

Lloyd R. Ambinder, Esq.
Virginia & Ambinder, LLP
111 Broadway
New York, New York  10006

Derek A. Popeil, Esq.
Dreifuss Bonacci & Parker, LLP
26 Columbia Turnpike, North Entrance
Florham Park, New Jersey  07932