```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

DANILO VILLA,                       :

                Plaintiff,          :    11 Civ. 3026 (DAB)(HBP)

    -against-                       :    REPORT AND
                                         RECOMMENDATION
TIANO'S CONSTRUCTION CORP.,         :
et al.,
                                    :
                Defendants.
                                    :
-----------------------------------X
```

PITMAN, United States Magistrate Judge:

TO THE HONORABLE DEBORAH A. BATTS, United States District Judge,

I. Introduction

By notices of motion filed November 10, and December 16, 2011 (Dockets Item 15 and 25), defendants Lumbermens Mutual Casualty Company ("Lumbermens"), St. Paul Mercury Insurance Company ("St.Paul"), Pythagoras General Contracting Corp. ("Pythagoras") and Safeco Insurance Company of North America ("Safeco") move to dismiss the complaint. Because the moving defendants submitted affidavits in support of their motion, pursuant to Rule 12(d) of the Federal Rules of Civil Procedure, I construed the motions as motions for summary judgment and issued an

Order on May 21, 2012, advising the parties of this fact (Docket Item 50).  My May 21 Order further advised the parties that I intended to consider the affidavits submitted by Lumbermens, St. Paul, Pythagoras and Safeco, and advised plaintiff that he had until June 15, 2012 to submit any materials in opposition.[1]  My May 21 Order also incorporated the text of the notice to pro se litigants required by Local Civil Rule 56.2 and the full text of Rule 56 of the Federal Rules of Civil Procedure.  Plaintiff submitted additional opposition papers on June 14, 2012 (Docket Item 52).

       For the reasons set forth below, I respectfully recommend that summary judgment be granted dismissing the action as to Lumbermens and St. Paul, and Pythagoras and Safeco.

II. Facts

       The most relevant facts are set forth in the Affirmation of Lloyd Ambinder, Esq., dated September 25, 2011 (Docket Item 12) ("Ambinder Aff.") in support of his motion to dismiss the complaint as to him.  Plaintiff does not controvert any of the material factual statements set forth in the Ambinder Aff.

---

[1] Plaintiff had previously submitted opposition papers on November 30, 2011 (Docket Item 34).

On or about June 21, 2001, plaintiff, along with 12 other individuals, all of whom were represented by Ambinder, commenced an action in New York State court against a number of contractors and insurance companies seeking unpaid wages and benefits for work performed by the plaintiffs at a number of New York City Housing Authority projects (Ambinder Aff. ¶ 7). Specifically, the state court complaint asserted causes of action against: (1) Tiano's Construction Mitrani Cesare General Partnership for failing to pay prevailing wages and benefits in violation of the New York State Constitution; (2) Tiano's Construction Corp. for failing to pay prevailing wages and benefits in violation of the New York State Constitution; (3) Tiano's Construction Mitrani Cesare General Partnership for breach of contract; (4) Tiano's Construction Corp. for breach of contract; (5) Mitrani Plasterers Co. for breach of contract; (6) Pythagoras General Contracting Corp. for breach of contract; (7) GBE Alasia Contracting Corp. for breach of contract; (8) Tiano's Construction Mitrani Cesare General Partnership for quantum meruit; (9) Tiano's Construction Corp. for quantum meruit; (10) Tiano's Construction Mitrani Cesare General Partnership for unjust enrichment; (11) Tiano's Construction Corp. for unjust enrichment, and (12) three named insurance companies (Lumbermens Mutual Casualty Company, Safeco Insurance Company of America and St.

Paul Mercury Insurance Conmpany) as sureties of the obligations alleged in the preceding causes of action.

The trial court subsequently granted the defendants' motion for summary judgment dismissing plaintiffs' wage and benefit claims; that decision was affirmed by the Appellate Division (Ambinder Aff. ¶¶ 13-15).  <u>Araujo v. Tiano's Constr. Corp.</u>, 40 A.D.3d 458, 834 N.Y.S.2d 660 (1st Dep't 2007).  Both courts concluded that no private right of action existed under the Davis Bacon Act.  The New York Court of Appeals subsequently reversed, finding that plaintiffs' action could proceed as a breach of contract action.  <u>Cox v. NAP Constr. Co.</u>, 10 N.Y.3d 592, 891 N.E.2d 271, 861 N.Y.S.2d 238 (2008).

Plaintiff then returned to the trial court to engage in discovery and other pretrial proceedings (Ambinder Aff. ¶ 17). Two unsuccessful mediations were held in 2010 (Ambinder Aff. ¶¶ 20-23).  Although plaintiff actively participated in the proceedings and mediations, he became increasingly dissatisfied with Ambinder's services (Ambinder Aff. ¶¶ 24-27).  Ambinder subsequently moved to withdraw from representing plaintiff, and on November 23, 2010, the trial court Justice granted the motion (Ex. 1 to Ambinder Aff.).  Ambinder also withdrew as counsel for three other plaintiffs who were dissatisfied with his work (Ambinder Aff. ¶ 33).

4

Ambinder subsequently negotiated a settlement on behalf of the plaintiffs that he continued to represent (Ambinder Aff. ¶ 34). All disciplinary charges against Ambinder were closed without any action being taken (Ambinder Aff. ¶¶ 32, 35). Plaintiff, along with the three other plaintiffs who had formerly been represented by Ambinder, went to trial. The trial Justice granted the defendants' motion for a directed verdict at the close of plaintiffs' case, finding that plaintiffs had failed to offer evidence sufficient to prove the terms of the contract or that they had been underpaid (Ambinder Aff. ¶ 35; Memorandum of Law of Defendants Lumbermans Mutual Casualty Company and St. Paul Mercury Insurance Company in Support of Motion to Dismiss the Complaint for Failure to State a Claim, filed Nov. 10, 2011 (Docket Item 16), pg. 2); Defendants' Pythagoras General Contracting Corp. and Safeco Insurance Company of North America [sic] Memorandum of Law in Support of Motion to Dismiss the Complaint for Failure to State a Claim Upon Which Relief can be Granted, dated November 16, 2011 (Docket Item 28), Ex. A at 5-6 (transcript of state trial granting directed verdict for defendants)).

Plaintiff is proceeding pro se in this action and although he does not state his claims with the precision that would be expected of an attorney, he appears to be attempting to

5

relitigate the claims he asserted in state court.  Specifically, the complaint alleges:

> I worked for the companies before mentioned for two years.  I worked 12 hours daily most of the time, but never received payment for it.  I was always paid seven hours no matter how many extra hours I worked.  I never took vacation and never received labor benefits .  . . .
>
>         \*    \*    \*
>
> I ask to be compensated for all the extra hours I worked and was never paid for.  I was not happy with the judge's [d]ismissal of the case without hearing the witnesses's [sic] testimon[ies] nor letting the jury make a decision.  I hope justice can be made.

(Complaint (Docket Item 2) at §§ III, V).

III. Analysis

A fundamental principle of jurisprudence in the United States is that an individual with a claim is entitled a fair hearing or trial on that claim, and only one fair hearing or trial unless serious error occurs.  If the individual is dissatisfied with the result of that proceeding, his remedy is to seek appellate review, which can be pursued all the way to the United States Supreme Court.  A party who is dissatisfied with the outcome of a hearing or trial cannot, however, recommence a new action asserting the same claim a second time in the hope of obtaining a different result.  See United States v. Tohono

O'Odham Nation, 131 S.Ct. 1723, 1730 (2011) ("[T]he doctrine of claim preclusion, or res judicata, . . . bars 'repetitious suits involving the same cause of action' once 'a court of competent jurisdiction has entered a final judgment on the merits.'"); Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322, 326 n.5 (1979) ("Under the doctrine of res judicata, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action."); Giannone v. York Tape & Label, Inc., 548 F.3d 191, 194 (2d Cir. 2008) ("Under New York's transactional approach to [res judicata], once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy." (inner quotation marks and citation omitted)).

Except for matters brought before the United States Supreme Court on direct appeal, federal courts do not review or oversee the work of state courts in civil cases. See Johnson v. De Grandy, 512 U.S. 997, 1005 (1994) ("[U]nder [the Rooker/Feldman abstention doctrine], a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court. . . ."); ASARCO Inc. v. Kadish, 490 U.S. 605, 622 (1989) ("The Rooker-Feldman doctrine interprets 28 U.S.C. § 1257 as ordinarily

barring direct review in the lower federal courts of a decision reached by the highest state court, for such authority is vested solely in th[e United States Supreme] Court."); In re Wilson, 410 F. App'x 409, 410 (2d Cir. 2011) ("Under the Rooker-Feldman doctrine, lower federal courts lack subject-matter jurisdiction over claims that effectively challenge state-court judgments.").[2]

Where as here, a federal court is considering the res judicata effect of a state court judgment, the federal court must afford the state court judgment the same preclusive effect it would have under the law of the state in which it was entered. Marrese v. Am. Acad. of Orthopedic Suregeons, 470 U.S. 373, 379-80 (1985); Burka v. New York City Transit Auth., 32 F.3d 654, 657 (2d Cir. 1994).  New York applies a transactional approach to res judicata, holding that it bars not only the claims that were actually litigated, but that it also bars claims arising out of the same facts that could have been litigated in the earlier litigation:

> Under the doctrine of res judicata, a party may not litigate a claim where a judgment on the merits exists from a prior action between the same parties involving the same subject matter.  The rule applies not only to claims actually litigated but also to

---

[2] I mention the Rooker-Feldman doctrine because it appears that the plaintiff, who is proceeding pro se, may be under the misapprehension that federal courts oversee state courts. Federal courts have no such oversight role.

8

>     claims that could have been raised in the prior litiga-
>     tion.  The rationale underlying this principle is that
>     a party who has been given a full and fair opportunity
>     to litigate a claim should not be allowed to do so
>     again (see O'Connell v Corcoran, 1 NY3d 179, 184-185
>     [2003]; Gramatan Home Invs. Corp. v Lopez, 46 NY2d 481,
>     485 [1979]).  Additionally, under New York's trans-
>     actional analysis approach to res judicata, "once a
>     claim is brought to a final conclusion, all other
>     claims arising out of the same transaction or series of
>     transactions are barred, even if based upon different
>     theories or if seeking a different remedy" (O'Brien v
>     City of Syracuse, 54 NY2d 353, 357 [1981], citing
>     Matter of Reilly v Reid, 45 NY2d 24, 29-30 [1978]).
>     "Res judicata is designed to provide finality in the
>     resolution of disputes," recognizing that "[c]onsid-
>     erations of judicial economy as well as fairness to the
>     parties mandate, at some point, an end to litigation"
>     (Reilly, 45 NY2d at 28).

In re Hunter, 4 N.Y.3d 260, 269-70, 827 N.E.2d 269, 274-75, 794 N.Y.S.2d 286, 291-92 (2005); accord Ryan v. New York City Dep't of Educ., 11-Civ-1628, 2011 WL 4899923 at *3 (E.D.N.Y. Oct. 13, 2011) (Weinstein, D.J.); Kachalsky v. Cacace, 817 F. Supp. 2d 235, 254 (S.D.N.Y. 2011) (Seibel, D.J.).

Read leniently, plaintiff's complaint can be construed as asserting claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 291, et seq., arising out of work plaintiff performed between 1998 and 2000 (Complaint (Docket Item 2) at § III(B)).  These are clearly claims that could have been asserted in plaintiff's state court action, and that arise out of the same facts that gave rise to the state action.  Under the trans-

9

actional approach to res judicata applied by New York's courts, they are, therefore, barred here.

In addition, any claims that plaintiff may have under the FLSA are time barred. As noted above, the complaint expressly alleges that plaintiff's claims arise out of events occurring between 1998 and 2000 (Complaint (Docket Item 2) at § III(B)). This action was commenced on April 28, 2011, when the complaint was received by the Court's Pro Se Office. An action under the FLSA must be commenced within two years of non-willful violations and within three years of willful violations. 29 U.S.C. § 255. Thus, even if I assume a willful violation here, the action was commenced approximately eight years after the expiration of the most favorable limitations period available.

Thus, because (1) plaintiff is attempting to assert claims against Lumbermens, St. Paul, Pythagoras and Safeco, that he could have asserted against them in the earlier state court action and (2) any claim under the FLSA is time-barred, Lumbermens, St. Paul's, Pythagoras and Safeco's motions to dismiss the complaint as to them should be granted. Because these two grounds are such clear and insurmountable obstacles to plaintiff's claims, I do not address defendants' other arguments.

IV.  Conclusion

      Accordingly, for all the foregoing reasons, I respectfully recommend that the motions of Lumbermens, St. Paul, Pythagoras and Safeco for summary judgment (Docket Items 15 and 25) be granted and that the action be dismissed as to Lumbermens, St. Paul, Pythagoras and Safeco, on the basis of res judicata and the statute of limitations.

V.  OBJECTIONS

      Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from receipt of this Report to file written objections.  See also Fed.R.Civ.P. 6(a).  Such objections (and responses thereto) shall be filed with the Clerk of the Court, with courtesy copies delivered to the Chambers of the Honorable Deborah A. Batts, United States District Judge, 500 Pearl Street, Room 2510, and to the Chambers of the undersigned, 500 Pearl Street, Room 750, New York, New York 10007.  Any requests for an extension of time for filing objections must be directed to Judge Batts.  FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS **WILL** RESULT IN A WAIVER OF OBJECTIONS AND **WILL** PRECLUDE APPELLATE REVIEW.  Thomas v. Arn, 474 U.S. 140, 155 (1985); United States v. Male

Juvenile, 121 F.3d 34, 38 (2d Cir. 1997); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-238 (2d Cir. 1983).

Dated: New York, New York
       June 6, 2012

                                Respectfully submitted,

                                /s/ Henry Pitman
                                HENRY PITMAN
                                United States Magistrate Judge

Copies transmitted to:

Mr. Danilo Villa
760 Hewitt Place
2nd Floor
Bronx, New York  10455

Vincent M. Gerardi, Esq.
Law Office of Vincent M. Gerardi
1539 Franklin Avenue
Mineola, New York  11501

Derek A. Popeil, Esq.
Dreifuss Bonacci & Parker, LLP
26 Columbia Turnpike, North Entrance
Florham Park, NJ 07932

Lloyd R. Ambinder, Esq.
Virginia & Ambinder, LLP
111 Broadway
New York, New York  10006