USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 09/06/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X

DANILO VILLA,

                    Plaintiff,

          v.                                11 Civ. 3026 (DAB)
                                            ADOPTION OF REPORT
                                            AND RECOMMENDATION

TIANO'S CONSTRUCTION CORP., et al.,

                    Defendants.
-----------------------------------------X
DEBORAH A. BATTS, United States District Judge.


     This matter is before the Court upon the July 6, 2012 Report

and Recommendation of United States Magistrate Judge Henry B.

Pitman (the "Report").  Judge Pitman's Report recommends that

summary judgment be granted dismissing this action as to

Defendants Pythagoras General Contracting Corp. ("Pythagoras"),

Safeco Insurance Company of North America ("Safeco"), Lumbermens

Mutual Casualty Company ("Lumbermens") and St. Paul Mercury

Insurance Company ("St. Paul"). (Report at 2, 11.) For the

reasons set forth below, after a de novo review following

Plaintiff's objections, the Report and Recommendation of

Magistrate Judge Pitman dated July 7, 2012 shall be adopted in

its entirety. Accordingly, the Court GRANTS Summary Judgment in

favor of Defendants Pythagoras, Safeco, Lumbermens and St. Paul

and this action is DISMISSED as to those Defendants.


I.    Objections to the Report and Recommendation

"Within fourteen days after being served with a copy [of a

Magistrate Judge's Report and Recommendation], a party may serve

and file specific written objections to the proposed findings and

recommendations."  Fed. R. Civ. P. 72(b)(2); accord 28 U.S.C. §

636(b)(1)(C).  The court may adopt those portions of the report

to which no timely objection has been made, as long as there is

no clear error on the face of the record.  Wilds v. United Parcel

Serv., Inc., 262 F.Supp.2d 163, 169 (S.D.N.Y. 2003).  A district

court must review de novo "those portions of the report or

specified proposed findings or recommendations to which objection

is made."  28 U.S.C. § 636(b)(1)(C).  "To the extent, however,

that the party makes only conclusory or general arguments, or

simply reiterates the original arguments, the Court will review

the Report strictly for clear error."  Indymac Bank, F.S.B. v.

Nat'l Settlement Agency, Inc., No. 07-CV-6865, 2008 WL 4810043,

at *1 (S.D.N.Y. Nov. 3, 2008); see also Ortiz v. Barkley, 558

F.Supp.2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should

review a report and recommendation for clear error where

objections are merely perfunctory responses, argued in an attempt

to engage the district court in a rehashing of the same arguments set forth in the original petition.") (citation and internal quotation marks omitted).  After conducting the appropriate levels of review, the Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate.  28 U.S.C. § 636(b)(1)(C).

Plaintiff Danilo Villa filed timely Objections to the Report claiming that res judicata does not apply to his case because the New York State court "took [the] wrong decision." (Obj. at 1-2.) Plaintiff's Objections also indicate his dissatisfaction with the state court decision concerning sufficiency of evidence, the failure to allow the jury to reach a verdict, and because he believes the case was dismissed due to failed mediation. (Obj. at 2-3.) While Plaintiff is clearly dissatisfied with the outcome of his case in New York State court, he does not contest Judge Pitman's finding that he and others commenced an action in New York State court against a number of contractors and insurance companies seeking unpaid wages and benefits. (Report at 3.) Nor does Plaintiff contest Judge Pitman's conclusion that his claims here appear to be an attempt to relitigate the claims he asserted in state court. (Report at 5-6.)

After a de novo review, the Court accepts and adopts the findings and recommendation that Plaintiff's claims against Defendants Pythagoras, Safeco, Lumbermens and St. Paul are barred by the doctrine of res judicata. As Judge Pitman's Report notes, a party who is dissatisfied with the outcome of a hearing or trial cannot recommence a new action asserting the same claim a second time in the hope of obtaining a different result. See United States v. Tohono O'Odham Nation, 131 S.Ct. 1723, 1730 (2011) ("[T]he doctrine of claim preclusion, or res judicata, . . . bars repetitious suits involving the same cause of action once a court of competent jurisdiction has entered a final judgment on the merits") (internal quotation marks removed). The Court also accepts and adopts, after de novo review, the Report's findings that New York's transactional approach to res judicata bars Plaintiff's claims here. Under that approach, "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions is barred, even if based upon different theories or if seeking a different remedy." Giannone v. York Tape & Label, Inc., 548 F.3d 191, 194 (2d Cir. 2008).

Finally, after de novo review, the Court accepts and adopts the Report's finding in the alternative that any Fair Labor Standards Act ("FLSA") claims that Plaintiff may have are now

time barred. (Report at 10.) Plaintiff's Complaint expressly alleges that his claims arise out of events occurring between 1998 and 2000. (Compl. at § III(B).) A FLSA action must be commenced within three years of willful violations, and two years of non-willful violations. The Complaint in this action was filed on April 28, 2011, approximately eight years after the expiry of the more favorable limitations period. The Court therefore adopts the Report's findings that Plaintiff's claims are, in the alternative, time barred.


II.  Conclusion

Having conducted the appropriate levels of review of the July 6, 2012 Report and Recommendation of United States Magistrate Judge Henry B. Pitman, this Court APPROVES, ADOPTS, and RATIFIES the Report in its entirety.  the Court GRANTS Summary Judgment in favor of Defendants Pythagoras, Safeco, Lumbermens and St. Paul and this action is DISMISSED as to those Defendants.

This Order resolves the Motions at Docket Number 15 and 25. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of

5

an appeal.   See Coppedge v. United States, 369 U.S. 438, 444-45

(1962).


SO ORDERED.

Dated:    New York, New York

          September 6, 2012

                                      *Deborah A. Batts*
                                     _____
                                        Deborah A. Batts
                                   United States District Judge